or that the author proposed, with the knowledge and acquiescence of the publisher, to write libelous matter, or that the contract on its face provided for or promoted an illegal act." Jewett Pub. Co. v. Butler, 159 Mass. 517, 34 N. E. 1087.

The line of cases relied upon by defendant, in which parties have conspired to do wrongful and unlawful acts, and contracts of indemnity between the wrongdoers have been condemned, have no application here. If two parties conspire to libel a third, of course, the law will not sustain or enforce a contract between them whereby one undertakes to protect the other from the consequences of their wrongful act. If two parties unite, intending to commit any species of wrongful act against the person or property of another, it is clear that no court would sustain an action based upon the promise of one of the wrongdoers to indemnify the other in consideration of his participation in the wrong. Obviously, however, no such case is here presented, nor is it necessary to distinguish cases of this character. Furthermore, there are several classes of cases in which the law sustains or even implies agreements of indemnity between the parties who are liable as joint tort-feasors where the party to be indemnified was innocent of actual wrongful intention. Such are Stone v. Hooker, 9 Cow. 154; Brooklyn Central R. Co. v. Brooklyn City R. R. Co., 47 N. Y. 475, 7 Am. Rep. 469; Bailey v. Bussing, 28 Conn. 455.

Motion for judgment denied, with $10 costs.

---

GILLETTE CLIPPING MACH. CO. v. ELTING et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

INJUNCTION ⬅26—PROSECUTION OF SUIT—ADEQUATE REMEDY AT LAW.

    A complaint alleging that plaintiff executed and delivered its note to one of the defendants, dated July 8, 1909, for $5,000 payable on demand, that an action had been commenced May 16, 1914, by the codefendant as an indorsee of the note for value before maturity, that the note was negotiated an unreasonable length of time after its issue, and further alleging an agreement between the payee and plaintiff which would be a good defense as against the codefendant, unless he was a holder in good faith, for value, before maturity, that the codefendant was not a holder in good faith, for value, before maturity, and, on the ground of irreparable damage, seeking to enjoin defendants from the prosecution of the suit and the surrender of the note, stated no cause of action for an injunction against defendants, since, the note being so long past due, the codefendant could not have transferred it to a bona fide holder for value, and since plaintiff might set up any legal or equitable defense in the action on the note.

    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. ⬅26.]

    Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the Gillette Clipping Machine Company against William H. Elting and John G. Wilson. From an order overruling the demur-

rer of the defendant John G. Wilson to the complaint, he appeals. Order reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

David Ross, of New York City, for appellant.
John T. Booth, of New York City, for respondent.

INGRAHAM, P. J. The action is brought against William H. Elting and John G. Wilson. The complaint alleges that on the 16th of May, 1914, an action was commenced by the defendant Wilson against the plaintiff on a certain promissory note alleged to have been executed and delivered by the plaintiff to the defendant Elting, dated July 8, 1909, by which the plaintiff promised to pay on demand after date to the order of Elting $5,000; that in said action said Wilson alleges that the note thereafter and before maturity was indorsed by the defendant Elting and delivered to the defendant Wilson for value; that the said note was not negotiated by Elting within a reasonable length of time after its issue on July 8, 1909, but was negotiated by him an unreasonable length of time after its issue. There is then alleged an agreement between Elting and the plaintiff which would be a good defense to the note as against Wilson, unless he was a holder in good faith, for value, before maturity. It is then alleged that the defendant Wilson did not become the holder of the said $5,000 note before it was due and without notice; that it had been previously dishonored; that he did not take it in good faith, and did not take it for value; that at the time that it was negotiated to him the defendant Wilson had notice of any and all infirmities in the said $5,000 note, and of the defect in the title of the said Elting when he negotiated it; that at all the times hereinbefore mentioned the said defendant Wilson had notice, knowledge, and information of all the facts alleged, and they were sufficient to put him upon his inquiry as to the making and delivery of the note, before he received the same, and of its payment and extinguishment, and Wilson did not at any time demand payment of the note before the 16th of May, 1914, when he commenced his action against this plaintiff on the said $5,000 note; that by reason of the action by Wilson against the plaintiff for the recovery of the said $5,000 plaintiff has been damaged in the sum of $10,000; and that the plaintiff will be irreparably damaged unless the defendants, and each of them, be restrained and enjoined from the prosecution of the action brought by Wilson. Wherefore the plaintiff demands judgment that the $5,000 note made and delivered by this plaintiff to the defendant Elting, and indorsed by him and delivered to the defendant Wilson, be surrendered and delivered up. He then asked that Elting specifically perform an agreement between himself and the plaintiff, wants to recover $10,-000 against them both, that Wilson be restrained and enjoined from prosecuting any and all actions at law to enforce the payment of said $5,000 note, and that Elting be restrained and enjoined from negotiating all other notes of this plaintiff which have come into his possession or under his control.

The question is whether this complaint states a cause of action against Wilson. Now, it is not alleged that Wilson has endeavored to enforce any of the notes of the plaintiff, except the note for $5,000, and it is apparent on its face that the facts alleged in the complaint as stating a cause of action constitute a perfect defense to the action on the note, which could be interposed in the action by Wilson to enforce it. When this action was commenced the note in question was long past due, and the statute of limitations was about to run against it as to any new action upon it or any other notes of similar date held by Wilson. Plaintiff could have set up as a defense in the Wilson action any defense, legal or equitable, that he had, and the facts alleged in the complaint in this action would have been an adequate defense to the Wilson action. The note being so long past due, Wilson could not have transferred the note to a bona fide holder for value, and no equitable relief by way of injunction or otherwise would have been necessary to protect the plaintiff. It may be that the plaintiff would be entitled to maintain an action against Elting to require him to specifically perform his contract to deliver up the note in suit and other notes that he had in his possession. But Wilson made no contract with the plaintiff, and was under no obligation to deliver up this note if he had received it. He was either in a position to enforce the note or he was not. He commenced a proper action to enforce it, and in that action all questions as to the liability of the plaintiff to Wilson could be settled, without the necessity of the intervention of a court of equity. There was no justification for restraining the defendant Wilson from enforcing his cause of action, if he has one against the plaintiff. No cases are cited by the respondent which justify such an action, and it does not seem to be sustained by any equitable principle.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the demurrer of the defendant Wilson to the complaint sustained, with $10 costs. Order filed.

McLAUGHLIN, SCOTT, and DOWLING, JJ., concur. LAUGHLIN, J., dissents.